ANDREW JANZ (SBN 287672)
Fresno City Attorney
andrew.janz@fresno.gov
CITY OF FRESNO
2600 Fresno Street
Fresno, CA 93721
Telephone: (559) 621-7500
Facsimile:  (559) 457-1084

*Attorney for Plaintiff*
CITY OF FRESNO

AMBER HOLDERNESS (SBN 252363)
Chief Assistant County Counsel
aholderness@countyofsb.org
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
Telephone: (805) 568-2950
Facsimile: (805) 568-2982

*Attorneys for Plaintiff*
COUNTY OF SANTA BARBARA

THOMAS FAUGHNAN (SBN 155238)
Chief Deputy County Counsel
tfaughnan@counsel.lacounty.gov
MICHAEL S BUENNAGEL (SBN 259000)
Senior Deputy County Counsel
mbuennagel@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
COUNTY OF LOS ANGELES
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 584-1473
Facsimile: (213) 617-7182

*Attorneys for Plaintiff*
THE COUNTY OF LOS ANGELES

JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
MAXWELL S. PELTZ (SBN 183662)
mpeltz@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
TAYLOR P. COLE (SBN 367646)
tcole@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7230

*Attorneys for Plaintiffs*
CITY OF FRESNO; CITY OF SANTA CLARA;
CITY OF REDWOOD CITY; CITY OF SANTA
CRUZ; CITY OF BEAVERTON; CITY OF
CORVALLIS; CITY OF HILLSBORO; CITY OF
STOCKTON; COUNTY OF SAN DIEGO;
COUNTY OF LOS ANGELES; COUNTY OF
SANTA BARBARA

RENNE PUBLIC LAW GROUP
Attorneys at Law

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF FRESNO; CITY OF SANTA CLARA; CITY OF REDWOOD CITY; CITY OF SANTA CRUZ; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF STOCKTON; COUNTY OF SAN DIEGO; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA,

Plaintiffs,

v.

KRISTI NOEM in her official capacity as Secretary of Homeland Security; the U.S. DEPARTMENT OF HOMELAND SECURITY; KAREN EVANS in her official capacity as Acting Administrator of Federal Emergency Management Agency; the FEDERAL EMERGENCY MANAGEMENT AGENCY; DOUG BURGUM in his official capacity as Secretary of the Interior; the U.S. DEPARTMENT OF THE INTERIOR; PAMELA BONDI in her official capacity as Attorney General; the U.S. DEPARTMENT OF JUSTICE,

Defendant.

Case No. 3:26-cv-01535-WHO

**JOINT CASE MANAGEMENT STATEMENT**

Complaint Filed: October 15, 2025

Hon. Judge William H. Orrick

Hearing Date: June 17, 2026
Time: 2:00 p.m.
Location: Zoom Videoconference

RENNE PUBLIC LAW GROUP
Attorneys at Law

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

Plaintiffs CITY OF FRESNO; CITY OF SANTA CLARA; CITY OF REDWOOD CITY; CITY OF SANTA CRUZ; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF STOCKTON; COUNTY OF SAN DIEGO; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA, ("Plaintiffs") and Defendants KRISTI NOEM in her official capacity as Secretary of Homeland Security; the U.S. DEPARTMENT OF HOMELAND SECURITY; KAREN EVANS in her official capacity as Acting Administrator of Federal Emergency Management Agency; the FEDERAL EMERGENCY MANAGEMENT AGENCY; DOUG BURGUM in his official capacity as Secretary of the Interior; the U.S. DEPARTMENT OF THE INTERIOR; PAMELA BONDI in her official capacity as Attorney General; the U.S. DEPARTMENT OF JUSTICE, ("Defendants") (collectively the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.   JURISDICTION AND SERVICE

Plaintiffs submit that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal constitutional and statutory claims) and 28 U.S.C. §§ 2201(a) and 2202 (declaratory relief).  Defendants assert in their Opposition to Plaintiff's pending motion that some Plaintiffs lack Article III standing for the relief they seek, that the Parties are improperly joined under Federal Rule of Civil Procedure 20(a), and that venue is improper, in part, under 28 U.S.C. § 1391(e). There are no issues concerning personal jurisdiction and service.

## II.   FACTS

### A.   Plaintiffs' Position

Plaintiffs initiated this lawsuit on February 20, 2026.  Plaintiffs allege that Defendants are imposing unlawful grant conditions on federally funded programs.  Following his inauguration, President Trump issued a series of Executive Orders ("EO") directing executive agencies to impose conditions on federal grants.  See EO No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) (Ending Radical and Wasteful Government DEI Programs and Preferencing); EO No. 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) (Ending Illegal Discrimination and Restoring Merit-Based Opportunity); EO No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (Defending Women from Gender Ideology Extremism); EO No. 14182, 90 Fed. Reg. 8751 (Jan. 31, 2025) (Enforcing the Hyde Amendment);  EO No. 14218, 90 Fed. Reg. 10581 (Feb. 19, 2025)

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

RENNE PUBLIC LAW GROUP
Attorneys at Law

(Ending Taxpayer Subsidization of Open Borders); EO No. 14287, 90 Fed. Reg. 18761 (Apr. 28, 2025) (Protecting American Communities From Criminal Aliens); and EO No. 14332, 90 Fed. Reg. 38929 (Aug. 7, 2025) (Improving Oversight of Federal Grantmaking).  Plaintiffs allege that, pursuant to these EOs and other policy directives, Defendants imposed unauthorized and ambiguous grant conditions incorporating the EOs into both existing and future grants.

### B.    Defendants' Position

Defendants contend that Plaintiffs' claims contain jurisdictional issues. *See, supra* § I. Defendants further contend that their actions are lawful. *See*, *infra* § III(B).

## III.    LEGAL ISSUES

### A.    Plaintiffs' Issues

Plaintiffs allege that the conditions prohibiting diversity, equity, and inclusion activities; "promotion" of so-called "gender ideology;" "requiring cooperation with federal immigration enforcement; and EOs generally violate the separation of powers (Count 1), violate the Spending Clause (Count 2), violate the Tenth Amendment (Count 3), violate Due Process Clause of the Fifth Amendment because of vagueness (Count 4), violate the Administrative Procedure Act (APA) because they are arbitrary and capricious (Count 5), violate the APA as they are contrary to the constitution (Count 6), violate the APA as they are in excess of statutory authority (Count 7).  Plaintiffs seek declaratory and injunctive relief.

### B.    Defendants' Issues

Defendants contend: (a) Plaintiffs do not assert a viable constitutional claim, (b) Congress's spending power was not exceeded, (c) Plaintiffs' claims are not reviewable under the APA and (d) the Grant Conditions do not contravene the APA, or Defendants' statutory or regulatory authority.

## IV.    MOTIONS

On May 4, 2026, Plaintiffs filed a motion for preliminary injunction, which has been fully briefed and is currently pending before the Court.  The motion is scheduled for hearing on June 17, 2026, the same date as the Case Management Conference.

Defendants reserve the right to file a motion to sever and/or dismiss for improper joinder and venue.  The Parties anticipate filing cross-motions for summary judgment under Local Rule 16-5

-4-

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

RENNE PUBLIC LAW GROUP
Attorneys at Law

(regarding cases decided on the administrative record).  Prior to any summary judgment motion, the Parties anticipate that Defendants will prepare and file the administrative record and an answer. Plaintiffs reserve the right to challenge or supplement Defendants' administrative record.

The parties agree to meet and confer regarding the schedule for filing the administrative record, any objections or motions to supplement the record, Defendants' answer(s), and any motions or cross-motions for summary judgment.

## V. AMENDMENT OF PLEADINGS

Plaintiffs are likely to seek leave to file a First Amended Complaint to reflect that the City of Beaverton receives funding from FEMA or designates the City as a DHS Plaintiff but are uncertain at this time as to when leave would be sought.

Defendants submit that the Court should establish a deadline for any amendments.  If Plaintiffs file an amended complaint, Defendants reserve all rights and defenses.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence.  Defendants have informed Plaintiffs that they have litigation holds in place, will compile an administrative record, and do not intend to seek discovery.

## VII. DISCLOSURES

At this stage of the proceedings, the parties agree that, because they intend to proceed under Local Rule 16-5, they are exempt from the initial disclosure requirement.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

## VIII. DISCOVERY

At this stage of the proceedings, the parties do not anticipate discovery in this matter.

## IX. CLASS ACTIONS

Not Applicable.

## X. RELATED CASES

On March 2, 2026, Plaintiffs filed an Administrative Motion to Consider Whether Cases Should be Related in *County of Santa Clara et al. v. Noem at al.*, Case No. 3:25-cv-08330-WHO.  On March 17,

RENNE PUBLIC LAW GROUP
Attorneys at Law

-5-

2026, this Court issued an order finding that the cases are related and reassigned the case.

## XI.    RELIEF

Plaintiffs seek the following relief:

A.    A declaration that the Challenged Conditions are unconstitutional, not authorized by statute, violate the APA, and are otherwise unlawful;

B.    A declaration that Defendants' attachment or incorporation of the Challenged Conditions to Plaintiffs funding is unconstitutional, not authorized by statute, violates the APA and is otherwise unlawful;

C.    An order permanently enjoining Defendants and their program offices from imposing or enforcing the Challenged Conditions or any materially similar terms or conditions to any application submitted by Plaintiffs, and any funds awarded or received by Plaintiffs, directly or indirectly;

D.    An order pursuant to 5 U.S.C. § 705 that postpones the effective date or any action by any Defendants to adopt, issue, or enforce the Challenged Conditions pending conclusion of this litigation; declares the Challenged Conditions void and unenforceable with respect to any application, award, agreement or other document executed by Plaintiffs.

E.    An order under 5 U.S.C. § 706 holding unlawful, setting aside, and vacating all actions taken by Defendants to:  adopt, issue, or implement the Challenged Conditions; require, attach, incorporate, implement, or enforce Challenged Conditions at any stage of the grant process, including but not limited to any grant application or grant agreement or sub-agreement.

F.    An order permanently enjoining Defendants from retaliating against any Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiffs' participation in this lawsuit, including but not limited to reducing the amount of a grant award to that Plaintiff or to any state agency through which Plaintiff may receive grant funding; refusing to issue, process, sign, or approve grant applications, grant agreements, or subgrant agreements; and refusing to issue, process, sign, or approve any notice or request for payment, or reducing the amount of such approval or payment;

G.    Award Plaintiffs their reasonable costs and attorneys' fees; and

H.    Grant any other further relief that the Court deems just and proper.

Defendants seek judgment in their favor, dismissal, and costs.

## XII.   SETTLEMENT AND ADR

The parties discussed settlement and ADR and have reviewed Local Rule 3-5.  While the parties remain open to informal discussions to resolve this matter, they do not believe formal ADR would be fruitful at this time.

## XIII.   OTHER REFERENCES

Plaintiffs declined magistrate judge jurisdiction.

## XIV.   NARROWING OF ISSUES

The parties met and conferred regarding ways to narrow the issues in this case.  The Parties believe that because the issues in this case are already narrow legal questions capable of resolution on summary judgment, there would be little benefit to deciding any issue piecemeal.  However, Defendants reserve the right to file a motion to sever and/or dismiss for improper joinder, venue, and/or standing.

## XV.   SCHEDULING

The parties currently intend to proceed under Local Rule 16-5 but reserve the right to stipulate to modifications of the schedule set forth in that rule and partner with Plaintiffs to agree to a new time frame to file the administrative record (*see supra* § IV).

## XVI.   TRIAL

At this stage, the parties do not believe a trial is needed, as the issues in this case are capable of resolution via summary judgment.

## XVII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

RENNE PUBLIC LAW GROUP
Attorneys at Law

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

Dated:  June 10, 2026                          RENNE PUBLIC LAW GROUP


By:  _____ */s/ James R. Ross* _____
                    JAMES R. ROSS

Attorney for Plaintiffs



Dated:  June 10, 2026                          By:  _____ */s/ Jevechius D. Bernardoni* _____
                    JEVECHIUS D. BERNARDONI
                    Assistant United States Attorney

Attorney for Defendants

RENNE PUBLIC LAW GROUP
Attorneys at Law

-8-

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO

**ECF ATTESTATION**

I, JAMES R. ROSS, am the ECF user whose identification and password are being used to file JOINT CASE MANAGEMENT STATEMENT. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Dated:  June 10, 2026                                    RENNE PUBLIC LAW GROUP


By: _____*/s/ James R. Ross*_____
         JAMES R. ROSS

JOINT CASE MANAGEMENT STATEMENT – Case No. 3:26-CV-01535-WHO